UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

WPS ENERGY SERVICES, INC.,

        Plaintiff,

v.                                                    Case No. 07-C-76

RAVENNA ALUMINUM, INC,

        Defendant.

**ORDER DENYING MOTION FOR RELIEF UNDER RULE 60(b)**

On January 24, 2007, plaintiff WPS Energy Services, Inc., ("WPS"), a Wisconsin corporation with its principal place of business in DePere, Wisconsin, commenced this diversity action against defendant Ravenna Aluminum, Inc. ("Ravenna"), an Ohio corporation located in Ravenna, Ohio, for breach of a contract under which WPS sold Ravenna natural gas. The complaint asserts two claims for relief. In the first claim for relief, WPS alleged that Ravenna owed WPS $462,379.08 for its purchases of natural gas from plaintiff prior to January 1, 2007. The second claim for relief alleges that Ravenna breached its contract with WPS by failing to provide adequate assurance of performance when requested within the time allowed under the contract. Based upon Ravenna's failure to provide such assurance, WPS terminated the contract and claimed damages of $453,589.00 in liquidation costs of future purchase commitments it had previously made in order to meet its obligations to Ravenna. In sum, WPS claimed damages resulting from Ravenna's breach totaling $915,968.08.

The Summons and Complaint were served on Ravenna on January 26, 2007, by personal service on its President, Kurt Blemaster. Ravenna's responsive pleading was therefore due on or before February 15, 2007. When Ravenna failed to file a response by that time, WPS filed a motion for a default judgment on February 16. A copy of the motion was sent to Ravenna by certified mail, return receipt requested. The receipt shows that Ravenna received the letter and accompanying motion on February 22, 2007.

Because of the substantial damages WPS was claiming, the court refrained from immediately granting its motion for judgment by default. When no response to either the complaint or the motion for default judgment was filed, however, the court finally granted WPS's motion for a default judgment without a hearing on March 23, 2007.[1] On March 29, 2007, WPS forwarded a copy of the judgment to Ravenna by certified mail, return receipt requested. The receipt shows that the letter and judgment were received by plaintiff on April 3, 2007. On April 6, 2007, Ravenna filed its motion for relief pursuant to Fed. R. Civ. P. 60(b).

Rule 60(b)(1) provides that "on a motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order or proceeding" upon a showing of "mistake, inadvertence, surprise or excusable neglect." Fed. R. Civ. P. 60(b)(1). In order to obtain such relief, the moving party must show: (1) "good cause" for the default; (2) quick action to correct the default; and (3) the existence of a meritorious defense to the original complaint. *Pretzel & Stouffer Chartered v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir. 1994). Once a judgment is entered, good cause must be shown by establishing mistake, inadvertence, surprise or excusable neglect.

---

[1] Since WPS's claim against Ravenna was for a sum certain, the default judgement could arguably have been entered by the clerk without application to the court. See Fed. R. Civ. P. 55(b)(1).

This is higher standard than the showing required under Rule 55(c). *Connecticut National Mortgage Co. v. Brandstatter*, 897 F.2d 883, 885 (7th Cir.1990) ("Most decisions, however, hold that relief from a default judgment requires a stronger showing of excuse than relief from a mere default order."). Respect for the finality of judgments dictate that once a default judgment is entered, the party seeking to avoid the judgment must show more than simple negligence. Neither ignorance nor carelessness on the part of a litigant or his attorney provide grounds for relief under Rule 60(b)(1). *Ben Sager Chemicals International v. E. Targosz & Co.*, 560 F.2d 805, 809 (7th Cir. 1977).

On the other hand, the Seventh Circuit has stated that "[a] default judgment, like a dismissal, is a harsh sanction which should usually be employed only in extreme situations, or when other less drastic sanctions have proven unavailing." *C.K.S. Engineers, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1205 (7th Cir. 1984). For this reason, the Court has instructed district courts that Rule 60(b)(1) should be "liberally applied in the context of default judgments, especially where those judgments result from honest mistakes rather than willful misconduct, carelessness or negligence." *Id.* And while it has not gone so far as to hold that a defaulting party must have engaged in intentional misconduct to be denied relief, the Court has noted that a common thread running through all its decisions is that the ruling on a Rule 60(b)(1) motion to vacate a default judgment should depend largely on the willfulness of the defaulting party's actions. "Where it appears that the defaulting party has willfully chosen not to conduct its litigation with the degree of diligence and expediency prescribed by the trial court, this circuit has repeatedly upheld the trial court's denial of a rule 60(b) motion." *Id.* at 1206*; see also Davis v. Hutchens*, 321 F.3d 641,646 (7th Cir. 2003) ("Generally, we have held that the district court is justified in entering default

against a party and refusing to vacate the default if the defaulting party has exhibited a willful refusal to litigate the case properly."). Still, the Court has recognized that "[i]n order for the default judgment to be an effective deterrent against irresponsible conduct in litigation, relief from a default judgment under rule 60(b) must be perceived as an exceptional remedy." *C.K.S. Engineers,* 726 F.2d at 1206. Thus, "Rule 60(b) is applied liberally in the default judgment context only in the exceptional circumstance where the events contributing to the default judgment have not been within the meaningful control of the defaulting party, or its attorney." *Id.*

In support of its motion for relief under Rule 60, Ravenna submitted the affidavit of Shawn McNamara, its Chief Financial Officer. According to McNamara's affidavit, Ravenna's failure to timely respond to WPS's lawsuit was due to the fact that both he and Blemaster, the president of the company, were completely engulfed in state court litigation involving one of its customers. McNamara states that in the beginning of February, 2007, Ravenna became involved in a dispute with Diversified Machine, Inc. ("DMI") involving certain tooling in Ravenna's possession which was used to make aluminum castings for sale to DMI who then in turn machines those aluminum castings for sale to Ford Motor Company ("Ford"). The aluminum castings sold to DMI are, according to McNamara, integral components of Ravenna's business operations. (McNamara Aff. ¶ 2.) McNamara states that in February, 2007, DMI filed a complaint in Portage County, Ohio Court of Common Pleas seeking an immediate order of replevin which, if granted, would have caused Ravenna to cease operations and file bankruptcy. According to McNamara, the state court litigation encompassed nearly all of his time, as well as the time of Mr. Blemaster, because the stakes of that litigation were great. Ford was also brought into the state court litigation and emergency injunctive relief was sought against Ford. (McNamara Aff. ¶ 4.) McNamara states that

4

the state court action involving DMI and Ford was finally resolved in March, 2007. On April 3, 2007, McNamara states that he and Blemaster became aware of the default judgment entered against Ravenna and immediately contacted legal counsel to seek relief from the default judgment. (McNamara Aff. at 5 and 6.) McNamara further states that "I do not believe Defendant owes Plaintiff anywhere near the amount Plaintiff alleges in its Compliant," (McNamara Aff. ¶ 8) and "Defendant was not in breach of any contract between it and Plaintiff as alleged in Plaintiff's Second Claim for Relief in its Complaint." (McNamara Aff. ¶ 9.)

In response to Ravenna's motion for relief from judgment, WPS points out that the Ohio litigation Ravenna claims demanded all of its attention was not commenced until February 14, 2007, more than two weeks after Ravenna's president was personally served with WPS's lawsuit and only one day before its response was due. Ravenna's counsel filed a notice of appearance in the Ohio action on February 20, and an answer and counterclaim on Ravenna's behalf on February 26, 2007. DMI filed a motion for injunctive relief on March 2, a stipulation of dismissal was filed on March 9, and the case was dismissed on March 15, 2007, more than a week before this court granted WPS's motion for a default judgment in this case. (Aff. of Jordan B. Reich ¶ 7.) Based upon these facts, WPS questions whether Ravenna's explanation is credible. Ravenna counters with an affidavit from Blemaster in which he asserts that even though DMI's replevin action was not filed until February 14, "significant and time-consuming developments" in the form of "lengthy and protracted negotiations related to a long-term supply contract" between Ravenna and DMI were occurring in late January. (Aff. of Kurt Blemaster ¶¶ 3- 4.)

But even if Ravenna's officers were busy with other matters, that is not an excuse to ignore a summons and complaint in a federal lawsuit. The fact that Ravenna had other litigation brewing

5

does not constitute excusable neglect. While the stakes of the state court litigation in which Ravenna became embroiled may have been high, the same is true of this lawsuit. This wasn't a small claims action; WPS was claiming damages of almost a million dollars. The press of other business is commonplace in the world today. It is difficult to believe that, having been personally served with the summons and complaint, Blemaster would not have taken the minimal step of having counsel file a response or at least enter an appearance in this action if he felt it was in Ravenna's interest to do so. Ravenna's continued inaction is even less understandable in the face of WPS's motion for default judgment which Ravenna received on February 22, a fact which neither McNamara nor Blemaster acknowledge or explain. Of course, if Ravenna had no defense to WPS's action or if, as McNamara suggests in his affidavit, bankruptcy was a distinct possibility at the time, incurring the expense of responding to WPS's lawsuit may not have been in Ravenna's interest. But a change of circumstances can no more constitute excusable neglect than the press of other business. In any event, the court finds that Ravenna's failure to respond the WPS's summons and complaint, even after receiving notice of its motion for a default judgment was wilful and not the result of excusable neglect. The court therefore finds that Ravenna has failed to establish good cause for its default.

Even if Ravenna had established good cause for its default, its motion should nevertheless be denied if it fails to show that it has a meritorious defense to WPS's action. It would hardly further the interests of either justice or judicial economy to vacate the default judgment against Ravenna if it had no defense to WPS's claims. Vacating the judgment under those circumstances would simply provide Ravenna with unjustified leverage to use against WPS in its effort to collect on its contract. Thus, it is not enough for a defaulting party to establish good cause for the default.

6

The defaulting party must also show it has a meritorious defense to the underlying claim. "A meritorious defense is not necessarily one which must, beyond a doubt, succeed in defeating a default judgment, but rather one which at least raises a serious question regarding the propriety of a default judgment and which is supported by a developed legal and factual basis." *Jones v. Phipps*, 39 F.3d 158, 165 (7th Cir. 1994). The Seventh Circuit has held that a motion for default judgment is insufficient if it lacks a grounding in facts which would support a meritorious defense of the action by the non-moving party. *Merrill Lynch Mortg. Corp. v. Narayan*, 908 F.2d 246, 252 (7th Cir.1990). The Court has also held that "a meritorious defense requires more than a 'general denial' and 'bare legal conclusions.'" *Pretzel & Stouffer*, 28 F.3d at 46 (*quoting Breuer Electric Manuf. Co. v. Toronado Systems of America*, 687 F.2d 182, 186 (7th Cir.1982)).

In this case, the only evidence Ravenna initially offered as its defense to WPS's claims were the unsupported statements of its CFO that "I do not believe Defendant owes Plaintiff anywhere near the amount Plaintiff alleges in its Compliant" and "Defendant was not in breach of any contract between it and Plaintiff as alleged in Plaintiff's Second Claim for Relief in its Complaint." (McNamara Aff. ¶ 8, 9.) These statements amount to nothing more than a general denial and a bare legal conclusion. Although the last two statements of Blemaster's affidavit filed with Ravenna's reply also address the merits of WPS's second claim, they likewise fall short of establishing a meritorious defense. Blemaster denies that reasonable grounds existed as of December 7, 2006, to question Ravenna's ability to pay for past purchases because at that time Ravenna was current in its payments to WPS. (Blemaster Aff. ¶ 11.) And since reasonable grounds did not exist to question Ravenna's ability to pay, Blemaster concludes Ravenna was not in breach in failing to provide the assurance WPS demanded. (*Id.* ¶ 12.) It is noteworthy, however, that Blemaster's

7

affidavit is silent as to the amount owed WPS on January 1, 2007, the date referred to in its first claim for relief. Thus, it would appear that Ravenna has yet to offer a defense to that claim. And as to the second claim for relief, Blemaster's suggestion that WPS was not entitled to request adequate assurance because Ravenna was current in its payments as of December 7 is unsupported by any reference to the provisions of the contract. It amounts to nothing more than an unsupported legal conclusion, an especially dubious one in light of the fact that only a short time later, Ravenna by its own admission was facing the prospect of bankruptcy. Surely, faced with a default judgment for almost a million dollars, Ravenna would have more to offer if it really had a meritorious defense to WPS's claims. Without more, the court finds it has failed to make a showing sufficient to warrant the relief it seeks. For this reason, too, Ravenna's motion is therefore denied.

      **SO ORDERED** this   6th   day of June, 2007.

        s/ William C. Griesbach
        William C. Griesbach
        United States District Judge

8

Case 1:07-cv-00076-WCG   Filed 06/06/07   Page 8 of 8   Document 14